IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:21-CV-080 (WOB-CJS)

CARY WILLIAMS,                                                    PLAINTIFF,

VS.                       **MEMORANDUM OPINION AND ORDER**

KENTON COUNTY, KY, ET AL.,                                       DEFENDANTS.

This matter is before the Court on Defendants' Motion for a Certificate of Appealability, wherein they request that the Court certify its order denying summary judgment on Plaintiff's *Monell* claim against Kenton County as a final judgment pursuant to Federal Rule of Civil Procedure 54(b). (Doc. 95). Plaintiff opposes the Motion. (Doc. 96). The Court has carefully reviewed this matter and, being advised, will deny the Motion.

*Factual and Procedural Background*

Because the Court recited a detailed version of the facts in its prior Memorandum Opinion and Order, (Doc. 93), only a brief summary of the background of this case is necessary here. Plaintiff Cary Williams was a pretrial detainee at the Kenton County Detention Center on the night of August 16-17, 2020. (Doc. 36 ¶ 11). While Williams was there, Defendant Deputy Noah Schoultheis used force against him, which Williams claims resulted in a broken arm. (*Id.* ¶¶ 20-21).

Accordingly, Williams brought the instant case against Deputy Schoultheis, three other deputies, and Kenton County. (*Id.*). After the close of discovery, Defendants filed a motion for summary judgment. (Doc. 74). This Court granted that motion in part, finding that Williams's claims against the other three deputies and his claims against Deputy Schoultheis for deliberate indifference to a serious medical need and negligence failed as a matter of law. (Doc. 93). However, the Court denied summary judgment on Williams's § 1983 claim for use of excessive force and his state law assault and battery claim against Deputy Schoultheis, in addition to his *Monell* claim against Kenton County, because each present issues of fact that must be decided by a jury. (*Id.*).

The remaining Defendants have now moved to certify the denial of summary judgment on the *Monell* claim against Kenton County as a final judgment pursuant to Federal Rule of Civil Procedure 54(b). (Doc. 95).

### *Analysis*

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Certification under Rule 54(b) requires two separate steps. *In re Fifth Third Early Access Cash Advance Litig.*, 925

F.3d 265, 273 (6th Cir. 2019). First, the district court must expressly direct the entry of final judgment as to one or more, but fewer than all, claims or parties in a case and second, the district court must expressly find that there is no just reason to delay appellate review. *Id.* (citing *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)).

Defendants' present Motion fails on the first step. The Court's order denying summary judgment as to the *Monell* claim against Kenton County is not grounds for a final judgment as to either that claim or that party. Rule 54(b) "does not empower the district court to 'treat as final that which is not final within the meaning of [28 U.S.C.] § 1291.'" *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). Pursuant to § 1291, "[a] decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Bd. of Trs. of Plumbers, Pipe Fitters & Mech. Equip. Serv., Loc. Union No. 392 v. Humbert*, 884 F.3d 624, 625–26 (6th Cir. 2018) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

With respect to Williams's *Monell* claim against Kenton County, the Court held that a reasonable jury could find that Kenton County had an unwritten official policy permitting its deputies to use excessive force and that such a policy was the

3

"moving force" behind a violation of Williams's constitutional rights and, accordingly, denied summary judgment on that claim. (Doc. 93 at 29-30). This is not a decision that "ends the litigation on the merits" but, rather, is one that expressly holds that litigation must continue so that the relevant issues may be resolved by a jury. *See Humbert*, 884 F.3d at 625-26.

Indeed, Defendants do not provide an analysis of the finality of the Court's prior ruling, but instead skip to the second step of the Rule 54(b) analysis to argue that there is no just reason to delay appellate review. (Doc. 95 at 4-5). However, the Court may not skip the first step of the analysis and, thus, cannot certify its prior order as a final judgment with respect to Williams's *Monell* claim against Kenton County.[1]

### *Conclusion*

Therefore, for the reasons stated above, **IT IS ORDERED** that Defendants' Motion for a Certificate of Appealability (Doc. 95) is **DENIED**.

This 9th day of March 2023.



Signed By:
*William O. Bertelsman* WOB
United States District Judge

---

[1] The Court need not address the parties' arguments regarding whether the Court of Appeals would have jurisdiction to consider Deputy Schoultheis's interlocutory appeal as to the Court's denial of his claim of qualified immunity. (*See* Doc. 96 at 1-2; Doc. 97 at 1). That issue will be appropriately addressed by the Court of Appeals if and when Defendants appeal the Court's order on that ground.

4