IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| **CARY WILLIAMS,** | Case No. 2:21-cv-00080 |
| Plaintiff, | |
| v. | Judge Danny C. Reeves |
| **KENTON COUNTY, ET AL.,** | Magistrate Judge Candace J. Smith |
| Defendants. | |

**JOINT PROPOSED JURY INSTRUCTIONS AND JOINT PROPOSED VERDICT FORM**

Pursuant to the Court's Order, the parties submit the following Proposed Jury Instructions and Verdict Form for the November 19, 2024 trial in this matter.

1

# INDEX

JOINT PROPOSED INSTRUCTIONS ................................................................................ 4

1.  Preliminary Limiting Instructions to the Jury Before Trial ................................ 5

2.  Post-Trial Case-Specific Instructions ................................................................ 6

3.  Introduction ......................................................................................................... 7

4.  Juror's Duties ...................................................................................................... 8

5.  All Persons Are Equal Before the Law ............................................................... 9

6.  Burden of Proof ................................................................................................ 10

7.  "If you find" or "if you decide" ....................................................................... 11

8.  No Inference from Judge's Questions .............................................................. 12

9.  Evidence Defined .............................................................................................. 13

10. Consideration of Evidence ............................................................................... 14

11. Direct and Circumstantial Evidence ................................................................ 15

12. Inferences Defined ........................................................................................... 16

13. Number of Witnesses ....................................................................................... 17

14. Credibility of Witnesses .................................................................................. 18

15. Lawyers Interviewing Witnesses ..................................................................... 20

16. Items to Go to Jury Room ................................................................................ 21

17. Jury's Recollection Controls ............................................................................ 22

18. Duty to Deliberate ............................................................................................ 23

19. Deliberation - Experiments, Research, Investigation, and Outside Communications ...... 24

20. Lawyers' Objections ......................................................................................... 25

21. Closing Remarks ............................................................................................... 26

22. General Statement of the Case ......................................................................... 27

23. Summary of Civil Rights Claim ....................................................................... 28

[Proposed excessive force claim instructions submitted separately by the parties.] ................... 29

24. County Liability Generally ............................................................................... 30

25. County Liability – Policy or Custom ............................................................... 31

26. County Liability - Failure to Train or Supervise ............................................ 32

27. County Liability – Ratification ........................................................................ 33

28. Causation ........................................................................................................... 34

29. Damages: Compensatory Damages .................................................................. 35

30. Damages: Punitive Damages ........................................................................... 36

31. Jurors Must Follow the Law. ......................................................................... 37

PROPOSED VERDICT FORM ............................................................................ 38

Verdict and Damages ......................................................................................... 39

**JOINT PROPOSED INSTRUCTIONS**

1.      **Preliminary Limiting Instructions to the Jury Before Trial**

Reserved for any preliminary limiting instructions that may be needed after pre-trial motions are ruled upon.

**2.      Post-Trial Case-Specific Instructions**

Reserved for any limiting instructions that may become needed for issues that arise during trial.

### 3.    Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the elements, or parts, of the specific laws that govern this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**Source:** 6th Cir. Pattern Instruction 1.01 (modified).[1]

Joint Requested Instruction No. 3
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

---

[1] Because the Sixth Circuit only has pattern instructions for criminal cases, the parties propose instructions based on Supreme Court and Sixth Circuit case law and pattern instructions from other courts of appeals, including courts with pattern instructions for Section 1983 cases. The parties have also included instructions from Federal Jury Practice & Instructions where appropriate.

**4.**     **Juror's Duties**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven any of the Defendants liable by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**Source:** 6th Cir. Pattern Instruction 1.02 (modified).

Joint Requested Instruction No. 4
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

5.      **All Persons Are Equal Before the Law**


All persons are equal before the law. In this case, Defendant Noah Schoultheis was formerly a correctional officer, and as such, was formerly a law enforcement officer. Plaintiff Cary Williams is a private citizen. Plaintiff Cary Williams and Defendant Noah Schoultheis are entitled to the same fair consideration and are to be treated as equal before the law.


**Source:** 7th Cir. Pattern Jury Instruction 1.03 (modified).

Joint Requested Instruction No. 5
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

6.      **Burden of Proof**

In a civil action, like this one, the burden of proof is "by a preponderance of the evidence."

Plaintiff Cary Williams has the burden of establishing every essential element of his claim "by a preponderance of the evidence."

To establish something "by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

You may have also heard of the term "proof beyond a reasonable doubt." The standard of proof in a criminal case is a stricter standard, requiring more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should put that standard out of your mind.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Source:**  3 Fed. Jury Practice & Instructions, 6th Ed. §104.01 (modified); 3 Fed. Jury Prac. & Instr. § 104:03 (6th ed.) (modified); 3 Fed. Jury Prac. & Instr. § 104:02 (6th ed.).

Joint Requested Instruction No. 6
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**7.       "If you find" or "if you decide"**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

**Source:** 3 Fed. Jury Prac. & Instr. § 104:04 (6th ed.).

Joint Requested Instruction No. 7
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**8.    No Inference from Judge's Questions**

During this trial, I have asked witnesses questions myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Source:** 7th Cir. Pattern Instruction 1.02.

Joint Requested Instruction No. 8
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**9.      Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

A stipulation is an agreement between both sides that certain facts are true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**Source:** 6th Cir. Pattern Instruction 1.04 (modified); 3 Fed. Jury Prac. & Instr. § 105:11 (6th ed.).

Joint Requested Instruction No. 9
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**10.     Consideration of Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Source:** 6th Cir. Pattern Instruction 1.05.

Joint Requested Instruction No. 10
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

14

**11.      Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Source:** 6th Cir. Pattern Instruction 1.06.

Joint Requested Instruction No. 11
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

15

**12.    Inferences Defined**

In your consideration of the evidence received, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

**Source:** 3 Fed. Jury Prac. & Instr. § 12:03 (6th ed.) (modified).

Joint Requested Instruction No. 12
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

16

**13.    Number of Witnesses**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**Source:** 6th Cir. Pattern Instruction 1.08.

Joint Requested Instruction No. 13
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## 14.    Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.

Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not.

Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's

believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.


**Source:** 6th Cir. Pattern Instruction 1.07.


Joint Requested Instruction No. 14
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**15.    Lawyers Interviewing Witnesses**[2]

It is proper for a lawyer to meet with any witness in preparation for trial.

**Source:** 7th Cir. Pattern Jury Instruction 1.16.

Joint Requested Instruction No. 15
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

---

[2] To be used if the topic of witness interviews comes up at trial.

**16.    Items to Go to Jury Room**

All of the exhibits that have been admitted into evidence will go to the jury room with you, together with these instructions, [facts for which the Court has taken judicial notice,]³ the parties' stipulations, and the verdict forms that I will discuss shortly.

If you are unable readily to locate any particular exhibit, please have the foreperson notify the marshal of exhibits in question, and the numbers of those exhibits will be given to you in order to facilitate your search for them.

Joint Requested Instruction No. 16
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

---

³ To be included if the Court takes judicial notice of any facts for trial.

**17.      Jury's Recollection Controls**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel. You are the sole judges of the evidence received in this case.

**Source:** 6th Cir. Pattern Instruction 8.10; 3 Fed. Jury Prac. & Instr. § 12:07 (6th ed.).

Joint Requested Instruction No. 17
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

22

**18.     Duty to Deliberate**


Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.


**Source:**  6th Cir. Pattern Instruction 8.04 (modified); 3 Fed. Jury Prac. & Instr. § 106:01 (6th ed.).


Joint Requested Instruction No. 18
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**19.    Deliberation - Experiments, Research, Investigation, and Outside Communications**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application [unless specifically instructed to do so by this court], such as a telephone, cell phone or smart phone, computer, the Internet, any Internet service, or any text or instant messaging service, or social media such as Facebook, LinkedIn, YouTube, X, Instagram, WhatsApp, Snapchat, or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers — and the news and social media apps on those devices — may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**Source:** 6th Cir. Pattern Instruction 8.02 (modified).

Joint Requested Instruction No. 19
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

24

**20.**    **Lawyers' Objections**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims alleged in this case. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side.

The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

Remember that your decision must be based only on the evidence that you saw and heard here in court.


**Source:** 6th Cir. Pattern Jury Instruction No. 1.09.


Joint Requested Instruction No. 20
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**21.      Closing Remarks**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. You may send a note to me through the jury officer, signed by one or more jurors. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Remember your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. The form reads: "VERDICT AND DAMAGES." You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**Source:** 6th Cir. Pattern Instruction 8.01 (modified); 3 Fed. Jury Prac. & Instr. § 103:50 (6th ed.) (modified).

Joint Requested Instruction No. 21
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**22.**     **General Statement of the Case**

On August 16, 2020, Plaintiff Cary Williams alleges that Defendant Noah Schoultheis used unconstitutional excessive force against him while he was in pretrial custody at the Kenton County Detention Center.

Defendant Noah Schoultheis admits that he did use force against Plaintiff Williams but denies that the force used was excessive.

Plaintiff Cary Williams also alleges that his constitutional right to be free from excessive force was violated pursuant to Kenton County's policies, practices, and/or customs, including the County's written and unwritten policies, the County's training and supervision of its officers, and the County's ratification of its officers' unconstitutional actions.

Defendant Kenton County denies that Mr. Williams' constitutional rights were violated pursuant to its policies, practices, and customs.

I will now instruct you more fully on the issues you must addressing this case.


Joint Requested Instruction No. 22
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**23.     Summary of Civil Rights Claim**

Plaintiff Cary Williams is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

Mr. Williams must prove both of the following elements by a preponderance of the evidence:

First: Defendant Schoultheis acted under color of state law.

Second: While acting under color of state law, Defendant Schoultheis deprived Mr. Williams of a federal constitutional right.

The parties stipulate that Defendant Schoultheis was acting under color of state law.  In other words, this element of Plaintiff Williams' claim is not in dispute, and you must find that this element has been established.

You are instructed as a matter of law that the Fourth and Fourteenth Amendment to the U.S. Constitution guarantee the right to be free from the use of excessive force by correctional officers for people in pre-trial custody, and that Mr. Williams was entitled to this federal constitutional right during the events of this case.

On the other hand, the Constitution permits a jail deputy to use force that is reasonably necessary to protect him/herself and to maintain order inside the jail, but no more.

The parties disagree as to whether Defendant Schoultheis violated Mr. Williams' right to be free from excessive force.

I will now tell you the elements Plaintiff Williams must prove to establish the violation of his federal constitutional right to be free from excessive force.


**Source:** 3rd Circuit Pattern Instruction No. 4.1 (modified), 4.3 (modified), 4.4.1(A) (modified).


Joint Requested Instruction No. 23
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

[Proposed excessive force claim instructions submitted separately by the parties.]

### 24.    County Liability Generally

If you find that Defendant Schoultheis did violate Plaintiff Cary Williams' constitutional rights by using excessive force, then you must  consider whether Defendant Kenton County is also liable.

The County is liable if you find Plaintiff Williams has been deprived of his constitutional rights and that deprivation was pursuant to a governmental policy, practice, or custom. You will consider whether such a policy, practice, or custom existed in accordance with my instructions.

There are three possible ways Plaintiff Williams may prove his claim against Kenton County, including:

- That Kenton County maintained an unconstitutional policy or custom; *or*
- That Kenton County failed to train or supervise its officers; *or*
- That Kenton County ratified unconstitutional acts of its officers.

If you find that the Plaintiff proved the existence of one or more of these by a preponderance of the evidence, and if you find that Plaintiff has shown, by a preponderance of the evidence, that Defendant Schoultheis' use of force was done pursuant to that issue of policy, custom, training, supervision, and/or ratification, then you must find for Plaintiff and against Defendant Kenton County. Otherwise, your verdict must be in favor of Kenton County.

I will now give you further instructions to guide you in determining whether Plaintiff has proven his claim against Defendant Kenton County.


Joint Requested Instruction No. 24
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

25.     **County Liability – Policy or Custom**


The County is liable to Plaintiff if you find that Plaintiff's constitutional rights were violated  pursuant to a policy or custom of the County that was the proximate cause of the violation. Whether a policy or custom exists is a question of fact for you to determine. In making this determination, you may consider:

- Whether a persistent and widespread practice or custom of Kenton County officials existed, regardless of whether there was formal approval for that practice or custom; *or*
- Whether a written or unwritten policy of Kenton County existed.

Your verdict will be for Plaintiff and against Defendant Kenton County if Plaintiff proves each of the following elements by a preponderance of the evidence:

1) The Defendant Schoultheis violated Mr. Williams' right to be free from excessive force; and
2) Either a persistent or widespread practice or custom existed or a written or unwritten policy existed; and
3) Plaintiff Williams' injuries occurred because Defendant Schoultheis acted pursuant to that practice, custom, or policy.


**Source:** *Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019); *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 690-691 (1978); *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010).


Joint Requested Instruction No. 25
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**26.**    **County Liability - Failure to Train or Supervise**

The County is liable to Plaintiff if you find that Plaintiff's constitutional rights were violated as a result of Defendant Kenton County's failure to properly train and/or supervise its officers. Whether Kenton County failed to train or supervise its officers is a question of fact for you to determine.

Your verdict will be for Plaintiff and against Defendant Kenton County if Plaintiff proves each of the following elements by a preponderance of the evidence:

1) The Defendant Schoultheis violated Mr. Williams' right to be free from excessive force; and
2) The County's training program was inadequate to train its officers to carry out their duties, and/or the County's supervision of its officers was inadequate to properly oversee the carrying out of their duties; and
3) The need for more or different training and/or supervision is so obvious, and the inadequacy in training and/or supervision was so likely to result in the violation of constitutional rights, that the County can reasonably be said to have been deliberately indifferent to the need for such training and/or supervision; and
4) The failure of the County to provide proper training and/or supervision was a cause of injury to Plaintiff Williams.

**Source:** 3B Fed. Jury Prac. & Instr. § 165:27 (6th ed.) (modified); *Thornton v. City of Columbus*, 727 F. App'x 829, 838 (6th Cir. 2018) (no municipal liability absent an underlying constitutional violation); *Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019); *Connick v. Thompson*, 131 S. Ct. 1350, 1361 (2011); *City of Canton v. Harris*, 489 U.S. 378 (1989); *Bd. of the Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 396, 409 (1997).

Joint Requested Instruction No. 26
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**27.    County Liability – Ratification**

The County is liable to Plaintiff if you find that Plaintiff was injured as a result of Defendant Kenton County's ratification of its officers' unconstitutional conduct. Whether Kenton County ratified its officers' unconstitutional conduct is question of fact for you to determine.

Your verdict will be for Plaintiff and against Defendant Kenton County if Plaintiff proves each of the following elements by a preponderance of the evidence:

1) The Defendant Schoultheis violated Mr. Williams' right to be free from excessive force; and
2) The County was aware of County officers using excessive force in the Kenton County Detention Center prior to Defendant Schoultheis' use of force against Mr. Williams;
3) One or more County officials with final decision-making authority ratified unconstitutional actions of County officers; and
4) The County's ratification was a cause of injury to Plaintiff Williams.

To determine whether one or more County officials with final decision-making authority ratified unconstitutional acts of County officers, you may consider factors such as:

- Whether the County had previously failed to meaningfully investigate or discipline allegations of unconstitutional conduct; or
- Whether the County, through its officials, approved a particular unconstitutional decision by one of its officers on the basis that the officer acted in accordance with the County's policies.

**Source:** *Alsaada v. City of Columbus*, 536 F. Supp. 3d 216, 270-271 (S.D. Ohio 2021); *Wright v. City of Euclid*, 962 F.3d 852, 882 (6th Cir. 2020); *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1248 (6th Cir. 1989); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019).

Joint Requested Instruction No. 27
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**28.     Causation**

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiff, and that Plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

**Source:** 3B Fed. Jury Prac. & Instr. § 165:50 (6th ed.) (modified).

Joint Requested Instruction No. 28
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

29.    **Damages: Compensatory Damages**

If you find that Plaintiff has proven any or all of his claims, and therefore have found that Defendant Noah Schoultheis is liable to Plaintiff Cary Williams, then you must determine an amount that is fair compensation for all of Plaintiff Williams' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff Cary Williams whole—that is, to compensate Plaintiff Williams for the damage that he has suffered.

Compensatory damages are not limited to expenses that Plaintiff Williams may have incurred because of his injury. If Plaintiff Williams wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of Defendants' conduct.

You may award compensatory damages only for injuries that Plaintiff Williams proves were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Williams's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff Williams has actually suffered or that Plaintiff Williams is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Williams prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

You may award damages for any bodily injury that Plaintiff Williams sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that Plaintiff Williams experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff Williams for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

**Source:** 5th Cir. Pattern Instructions 15.2 and 15.3; 1 CV Ohio Jury Instructions 315.01; 3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.) (modified).

Joint Requested Instruction No. 29
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**30.    Damages: Punitive Damages**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish a Defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff Williams and against Defendant Schoultheis, and if you find the conduct of Defendant Schoultheis was malicious, wanton, or oppressive, then, in addition to any other damages to which you find Plaintiff entitled, you may, but are not required to, award Plaintiff an additional amount as punitive damages if you find it is appropriate to punish Defendant Schoultheis or deter him and others from like conduct in the future. Whether to award Plaintiff punitive damages and the amount of those damages are within your sound discretion.

You may assess punitive damages against Defendant Schoultheis or you may refuse to impose punitive damages.

**Source:** 3B Fed. Jury Prac. & Instr. § 165:71 (6th ed.) (modified).

Joint Requested Instruction No. 30
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**31.     Jurors Must Follow the Law**

If a juror is not following the law as I have just given it to you, the rest of you must make sure that I am told.


Joint Requested Instruction No. 31
_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PROPOSED VERDICT FORM**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| **CARY WILLIAMS,** | Case No. 2:21-cv-00080 |
| Plaintiff, | |
| v. | Judge Danny C. Reeves |
| **KENTON COUNTY, ET AL.,** | Magistrate Judge Candace J. Smith |
| Defendants. | |

**Verdict and Damages**

-- Page 1 --

**1.** We, the jury, on Plaintiff Williams's **excessive force claim**, find in favor of: (check one)

_____ Plaintiff Cary Williams

_____ Defendant Noah Schoultheis

*If you find in favor of Plaintiff Williams on the above claim, mark the verdict above <u>and</u> move on to No. 2.*

*If you find in favor of Defendant Schoultheis on the above claim, mark the verdict above and then stop here, and sign on page 2.*

**2.** We, the jury, on Plaintiff Williams's **County liability claim**, find in favor of: (check one)

_____ Plaintiff Cary Williams

_____ Defendant Kenton County

*If you find in favor of Plaintiff Williams on the above claim, mark the verdict above <u>and</u> complete the Damages Interrogatories on page 2 <u>and</u> sign on page 2.*

*If you find in favor of Defendant Kenton County on the above claim, mark the verdict above <u>and</u> complete the Damages Interrogatories on page 2 <u>and</u> sign on page 2.*

-- Page 2 --

**Damages Interrogatories:**

1.  We find Plaintiff's **compensatory damages** to be:

    $ _____    [*state the amount, or if you find that Plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00*].

    *If you award compensatory damages to Plaintiff Williams, you may consider whether to also award punitive damages against Defendant Schoultheis. You may not award punitive damages without first awarding compensatory damages.*

2.  We assess **punitive damages** in the amount of:

    $ _____    [*state the amount, if any, of punitive damages you assess*].

Each of us Jurors concurring in said verdict signs his/her name hereto this ____ day of _____, 2024.

_____        _____

_____        _____

_____        _____

_____        _____
                                                              FOREPERSON

Respectfully submitted,

/s/ Jacqueline Greene
Jacqueline Greene (OH 0092733)
Rebecca P. Salley (OH 0097269)
Alphonse A. Gerhardstein (OH 0032053)
FRIEDMAN GILBERT + GERHARDSTEIN
35 E. 7TH STREET, SUITE 201
Cincinnati, Ohio 45202
T: 513-572-4200 / F: 216-621-0427
jacqueline@FGGfirm.com
rebecca@FGGfirm.com
al@FGGfirm.com

Sarah Gelsomino (OH 0084340)
FRIEDMAN GILBERT + GERHARDSTEIN
50 Public Square, Ste. 1900
Cleveland, Ohio 44113
T: 216-241-1430 / F: 216-621-0427
sarah@FGGfirm.com

Gary F. Franke (OH 0029793)
Michael O'Neill (OH 0075195)
GARY F. FRANKE CO., L.P.A.
120 East 4th Street - Suite 1040
Cincinnati, Ohio 45202
T: (513) 564-9222
F: (513) 564-9990
gff@garyfrankelaw.com
mdo@garyfrankelaw.com

Counsel for Plaintiff Cary Williams

/s/ Christopher S. Nordloh (per consent)
Christopher S. Nordloh (85716)
Drew Harris (95566)
Assistant County Attorneys
OFFICE OF THE KENTON COUNTY ATTORNEY
1840 Simon Kenton Way, STE 4200
Covington, KY 41011
T: (859) 491-0600
cnordloh@kentoncoatty.com
dharris@kentoncoatty.com

Counsel for Defendants Kenton County and
Noah Schoultheis

## Certificate of Service

I hereby certify that on October 1, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jacqueline Greene
Jacqueline Greene (OH 0092733)
One of the Attorneys for Plaintiff