UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| CARY WILLIAMS<br><br>　　　　Plaintiff,<br><br>v.<br><br>KENTON COUNTY, KY et al.,<br><br>　　　　Defendants. | Case No.: 2:21-CV-00080 -DCR<br><br>ELECTRONICALLY FILED |

**DEFENDANTS' PROPOSED EXCESSIVE FORCE JURY INSTRUCTION**

The Defendants, Kenton County, Kentucky, and Noah Schoultheis, by and through counsel, submit the following proposed jury instruction addressing excessive force, the only instruction for which the parties could not reach an agreement. Defendants reserve the right to request a directed verdict on any issue covered by the proposed instructions.

Respectfully submitted:

**OFFICE OF THE KENTON COUNTY ATTORNEY**

/s/ *Christopher S. Nordloh*
Christopher S. Nordloh (85716)
Drew Harris (95566)
ASSISTANT COUNTY ATTORNEYS
1840 Simon Kenton Way, STE 4200
Covington, KY 41011
*p* 491-0600
cnordloh@kentoncoatty.com
dharris@kentoncoatty.com

*Counsel for Kenton County and Noah Schoultheis*

## **CERTIFICATE OF SERVICE**

      This is to certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                              /s/ *Christopher S. Nordloh*
                              Christopher S. Nordloh (85716)

**42 USC 1983- FOURTEENTH AMENDMENT – EXCESSIVE FORCE**

The Constitution has long recognized that the responsibility of maintaining order and institutional security in jails necessarily carries with it the right to use some reasonable degree of physical coercion or threat thereof to maintain order. However, the test of reasonableness under the Fourteenth Amendment is not capable of precise definition or mechanical application. Its proper application requires careful attention to the facts and circumstances of each particular case, including:

- ° the nature of the crime
- ° whether Plaintiff poses a threat of physical harm to the deputy or others
- ° whether the prisoner is actively resisting
- ° the duration of the use of force
- ° whether the physical force was to an extent as to lead to unnecessary injury

The inquiry is an objective one, asking whether the deputy's actions were objectively reasonable and necessary in light of the totality of the facts and circumstances confronting him, without regard to his underlying intent or motivation. Deputies are given some leeway when exercising discretion, and even if their assessment of a situation is ultimately wrong, there is no constitutional violation if a dangerous situation evolved quickly to a safe one before he had a chance to realize the change. And while an equally effective alternative use of force response may sometimes seem more reasonable in hindsight, deputies are not required to wait for others to decide that before they act.

In other words, the 20/20 vision of hindsight has no place in determining whether a given use of force was reasonable. Rather, in assessing the reasonableness of force used, you must adopt the perspective of a reasonable deputy in that setting and consider whether the force was

reasonable at the moment of its application. The evaluation of reasonableness must allow for the fact that deputies are often forced to make split-second judgments — in circumstance that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation. Thus, not every push or shove, even if it may later seem unnecessary in the peace of a courtroom, violates the Fourteenth Amendment.

In this case, the Court has already determined, and so instructs, that Deputy Schoultheis did not use a chokehold, vascular restraint, or hypoglossal pressure technique to restrict Williams's blood or airflow or cause him to lose consciousness, and that he used less force than he was permitted to use under the county's use of force policy.

If you find that Plaintiff Williams has established that Deputy Schoultheis used excessive force then you will find for him. Otherwise, you will find in favor of the Defendant.

**Sources:** Modern Federal Jury Instructions, -Civil § 87.03 (2010)
*Graham v. Connor*, 490 U.S. 386 (1989)
*Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2474 (2015)
*Chaney-Snell v. Young*, 98 F. 4th 699 (6th Cir. 2024)
Memorandum Opinion and Order, 2:21-cv-80
*Savidge v. Pharm-Save, Inc.*, 570 F. Supp. 3d 518, 521–22 (W.D. Ky. 2021).
*Hayden v. Rhode Island*, 13 F. App'x 301, 302 (6th Cir. 2001)